FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -7 2022

JEFFREY P. COLWELL
CLERK

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.                    Case No. 3:22-cv-487-TJC-MCR

MICHAEL RANDO, et al.,

     Defendants.

## STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANTS

Plaintiff, the Federal Trade Commission ("FTC" or "Plaintiff") filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b on May 2, 2022. (Doc. 1). On May 3, 2022, the Court issued its Ex Parte Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO") (Doc. 12). The FTC and Defendants Michael Rando, Valerie Rando, Prosperity Training Tech., LLC, Digital Business Scaling, LLC, First Coast Matchmakers, Inc., First Coast Matchmakers, LLC, Financial Consulting Management Group, LLC, Elite Customer Services, LLC, and Resource Management Investments, LLC ("Stipulating Defendants") stipulate to the entry of this Order.

The Stipulating Defendants stipulate to the findings below for the sole purpose of entering this Order. Nothing herein shall be construed as a limitation upon Defendants' right against self-incrimination under the Fifth Amendment to the United States Constitution or other applicable privilege.

## FINDINGS OF FACT

The FTC and the Stipulating Defendants have stipulated and agreed to the entry of this Order. This Court, therefore, under Federal Rule of Civil Procedure 65(d)(1), enters this Order for good cause and for the reasons stated below.

A.      This Court has jurisdiction over the subject matter of this case, has jurisdiction over Stipulating Defendants, and venue in this District is proper.

B.      There is good cause to believe that, in numerous instances, Stipulating Defendants have operated as part of a common enterprise selling credit repair and money-making opportunities.

C.      There is good cause to believe that Stipulating Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); multiple provisions of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679–1679j; multiple provisions of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310; and multiple provisions of the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business

Opportunity Rule" or "BOR"), 16 C.F.R. Part 437; and that Plaintiff is therefore likely to prevail on the merits of this action.

D.      There is good cause to believe that immediate and irreparable harm will result from Stipulating Defendants' ongoing violations of the FTC Act, CROA, the TSR, and the BOR unless Stipulating Defendants continue to be restrained and enjoined by order of this Court.

E.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers – including rescission or reformation of contracts, the refund of money, and the return of property – will occur from the sale, transfer, destruction, or other disposition or concealment by Stipulating Defendants of their Assets or records, unless Stipulating Defendants continue to be restrained and enjoined by order of this Court.

F.      Good cause exists for appointing a Receiver over the Receivership Entities and continuing to freeze Stipulating Defendants' Assets.

G.      Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze, the appointment of the Receiver, and other equitable relief is in the public interest.

H.    This Court has authority to issue this Order pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b; Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

I.    No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.    **"Asset"** means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held, whether tangible, intangible, digital, intellectual property, or otherwise.

B.    **"Corporate    Defendant(s)"**    means    Prosperity    Training Technology LLC; Elite Customer Services, LLC; Digital Business Scaling LLC; First Coast Matchmakers Inc.; First Coast Matchmakers LLC; Financial Consulting Management Group LLC; Resource Management Investments, LLC; and each of their subsidiaries, affiliates, successors, and assigns, individually, collectively, or in any combination.

C.    **"Credit Repair Service"** means any service, in return for payment of money or other valuable consideration, for the express or implied purpose of: 1) improving any consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating; or 2) providing any advice or assistance to any consumer with regard to any activity or service the purpose

4

of which is to improve a consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating.

D.    **"Document"** is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.A draft or non-identical copy is a separate document within the meaning of the term.

E.    **"Earnings Claim"** means any oral, written, or visual representation to a consumer, prospective purchaser, or investor that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits. Earnings claims include, but are not limited

to any: 1) chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and 2) statements from which a consumer, prospective purchaser, or investor can reasonably infer that he or she will earn a minimum level of income (e.g. "earn enough to buy a Lamborghini," "earn a six-figure income," or "earn your investment back within one year").

F. **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

G. **"Individual Defendant(s)"** means Michael Rando and Valerie Rando, individually, collectively, or in any combination.

H. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

I. **"Receiver"** means the Receiver appointed in Section XIII of this Order and any deputy receivers that shall be named by the receiver.

J. **"Receivership Entities"** means Stipulating Defendants as well as any other entity that has conducted any business related to Stipulating Defendants' alleged credit repair and money-making scheme, including receipt

of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Stipulating Defendant.

K.      **"Stipulating Defendants"** means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination.

## ORDER

## I. PROHIBITED CREDIT REPAIR ACTIVITIES

**IT IS THEREFORE ORDERED** that Stipulating Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any Credit Repair Service, are preliminarily restrained and enjoined from:

A.      Misrepresenting or assisting others in misrepresenting, expressly or by implication:

1.      That any Person can remove negative information or hard inquires from their own or any other Person's credit report, credit record, credit history, or credit profile;

2.      That any Person can substantially improve their own or any other Person's credit score or credit rating;

3.      That any Person is, or will add any Person as, an additional authorized user on any other Person's credit card or line of credit account;

4.      That any Person is or was the victim of identity theft;

5.      Current or past identifying information (e.g. names, aliases, addresses, phone numbers, or employment history) on a consumer's credit report, credit record, credit history, or credit profile;

6.      Any other fact material to consumers concerning any Credit Repair Service, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

B.      Charging or receiving money or other valuable consideration for the performance of any Credit Repair Service: 1) before such service is fully performed, and 2) before providing the consumer with documentation in the form of a consumer report from a consumer reporting agency demonstrating the promised results have been achieved, with such report having been issued more than six months after the results were achieved.

C.      Failing to provide any Person seeking Credit Repair Services with a written statement of "Consumer Credit File Rights Under State and Federal Law," in the form and manner required by 15 U.S.C. § 1679c(a);

D.     Failing to include in contracts for any Credit Repair Service the following required terms and conditions:  a) a full and detailed description of the services to be performed for the consumer, including all guarantees of performance and an estimate of the date by which the performance of the services (to be performed by Stipulating Defendants or any other Person) will be complete or the length of the period necessary to perform such services, and b) the specific conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, regarding the consumers' right to cancel the contract without penalty or obligation at any time before the third business day after the date on which the consumer signed the contract;

E.     Failing to provide any Person with a separate form with the heading "Notice of Cancellation," in the form and manner required by 15 U.S.C. § 1679e(b); and

F.     Failing to provide any Person with a copy of a completed contract and all disclosures required under CROA, 15 U.S.C. §§ 1679–1679j, and a copy of any other document such Person is required to sign.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Stipulating Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by

9

personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are preliminarily restrained and enjoined from:

A.      Making any Earnings Claim, unless the Earnings Claim is non-misleading, and, at the time such claim is made, Stipulating Defendants: 1) have a reasonable basis for their claim; 2) have in their possession written materials that substantiate the claim; and 3) make the written substantiation available upon request to the consumer, potential purchaser, investor, the Receiver, or to the FTC;

B.      Failing to provide any consumer, potential purchaser, or investor with disclosure documents in the form and manner required by 16 C.F.R. §§ 437.2, 437.3(a)(1)–(5), and 437.4;

C.      Misrepresenting or assisting others in misrepresenting, expressly or by implication:

        1.      Any refund, money-back guarantee, or cancellation policy;

        2.      That Stipulating Defendants' practices or advised practices are legal;

        3.      That consumers, using Stipulating Defendants' products and services, are likely to profitably and legally operate a business selling credit repair services and education; or

4. Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from disclosing, using, transferring, or benefitting from customer information, including the name, address, telephone number, email address, birth date, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Stipulating Defendant obtained prior to entry of this Order.

Provided, however, that Stipulating Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

11

## IV. ASSET FREEZE

**IT IS FURTHER ORDERED** that Stipulating Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

1.    owned or controlled, directly or indirectly, by any Stipulating Defendant;

2.    held, in part or in whole, for the benefit of any Stipulating Defendant;

3.    in the actual or constructive possession of any Stipulating Defendant; or

4.    owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant;

B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Stipulating Defendant or subject to access by any Stipulating Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C.      Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Stipulating Defendant or of which any Stipulating Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Stipulating Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.      Cashing any checks or depositing any money orders or cash received from, or that draws on a bank or financial account belonging to, consumers, clients, or customers of any Stipulating Defendant.

The Assets affected by this Section shall include: (1) all Assets of Stipulating Defendants as of the time the TRO was entered; and (2) Assets obtained by Stipulating Defendants after the TRO was entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This  Section  does  not  prohibit  any

transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

However, provisions shall be made to allow the Individual Defendants to incur reasonable personal expenses during the pendency of this Order. Provision shall also be made to allow Stipulating Defendants to hire counsel to represent them in this action. Third party Asset holders covered by Section V of this order shall allow transfers or withdrawals pursuant to this Order if the third party Asset holders receive, in writing, a letter delineating the amount to be transferred or withdrawn and signed by the Receiver, Plaintiff's counsel, and applicable Stipulating Defendants' counsel.

## V. DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

(a)     has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Stipulating Defendant or any Asset that has been: owned or controlled, directly or indirectly, by any Stipulating Defendant; held, in part or in whole, for the benefit of any Stipulating Defendant; in the actual or constructive possession of any Stipulating

14

Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant;

(b)     has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf of any Stipulating Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or

(c)     has extended credit prior to the entry of the TRO to any Stipulating Defendant, including through a credit card account, shall:

A.     Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; provided, however, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.     Deny any person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Stipulating Defendant, either individually or jointly, or otherwise subject to access by any Stipulating Defendant;

C.     Immediately provide Plaintiff's counsel and the Receiver, to the extent not already provided pursuant to the TRO, a sworn statement setting forth, for each Asset or account covered by this Section:

1.     The identification number of each such account or Asset;

2.     The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3.     The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Stipulating Defendant, or is otherwise subject to access by any Stipulating Defendant; and

D.     Upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other

Documents pertaining to each account covered by this Section, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

Provided, however, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## VI. FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that any Stipulating Defendant that has not yet provided financial statements in accordance with the TRO, shall immediately prepare and deliver to Plaintiff's counsel and the Receiver:

A.      Completed financial statements on the forms attached to the TRO as Attachment A (Financial Statement of Individual Defendant) for each Individual Defendant, Attachment B (Financial Statement of Corporate Defendant) for each Corporate Defendant; and

B.      Completed Attachment C (IRS Form 4506, Request for Copy of a Tax Return) for each Stipulating Defendant.

## VII. FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that to the extent not already completed pursuant to the TRO, each Stipulating Defendant shall immediately:

A.      Provide Plaintiff's counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Stipulating Defendant;

B.      Take all steps necessary to provide Plaintiff's counsel and the Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records attached to the TRO as Attachment D;

C.      Transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly

owned, managed or controlled by any Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Stipulating Defendant; and

D.     On the same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VIII. NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Stipulating Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.     Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Stipulating Defendants' Assets have been fully repatriated pursuant to this Order; or

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Stipulating Defendants' Assets have been fully repatriated pursuant to this Order.

## IX. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Stipulating Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## X. PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Stipulating Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.     Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1)   the business,   business practices, Assets, or business or personal finances of any Stipulating Defendant;

(2) the business practices or finances of entities directly or indirectly under the control of any Stipulating Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Stipulating Defendant; and

B.    Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Stipulating Defendants' incomes, disbursements, transactions, and use of Stipulating Defendants' Assets.

## XI. PRESERVATION OF RECORDS BY THIRD PARTIES

**IT IS FURTHER ORDERED** that any person who receives actual notice of this Order (by service or otherwise) that has held, controlled, or maintained custody of any Document on behalf of any Stipulating Defendant that relates to the business or business practices of any Stipulating Defendant or of any entity directly or indirectly under the control of any Stipulating Defendant are hereby preliminarily restrained and enjoined from destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any such Documents.

## XII. REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Stipulating Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this

Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, unless Stipulating Defendants provide Plaintiff's counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XIII. RECEIVER

**IT IS FURTHER ORDERED** that Maria M. Yip shall continue as Receiver of the Receivership Entities with full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XIV. DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.      Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, member, or agent of any Receivership Entity

from control of, management of, or participation in, the affairs of the Receivership Entity;

B.     Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.     Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.     Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities. The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Entities. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive

acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E.  Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials; take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely.

F.  Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G.  Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her

duties as Receiver. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of the TRO, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

H.    Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities;

I.    Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Stipulating Defendant or Receivership Entities, and to provide access to all such web page or websites to Plaintiff's representatives, agents, and assistants, as well as Stipulating Defendants and their representatives;

25

J.     Enter into and cancel contracts and purchase insurance as advisable or necessary;

K.     Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L.     Make an accounting of the Assets and financial condition of the receivership estate and file the accounting with the Court and deliver copies thereof to all parties;

M.     Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N.     Issue subpoenas to obtain Documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

O.     Open one or more bank accounts at designated depositories for funds of the Receivership Entities.  The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.  The

Receiver shall serve copies of monthly account statements upon the request of any party;

P.      Open all mail directed to or received by or at the premises, or post office or private or commercial mail boxes of the Receivership Entities, and inspect all mail opened prior to the TRO, to determine whether items or information therein fall within the mandates of this Order. In connection therewith, the Receiver is authorized to instruct the United States Postmaster and anyone in possession or control of a private or commercial mailbox to hold and/or reroute mail directed to any of the Receivership Entities. The Stipulating Defendants are directed not to open a new mailbox or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the United States mail, a private mail depository, or courier service;

Q.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

R.      Allow the Plaintiffs' representatives, agents, and assistants, as well as Stipulating Defendants' representatives and Stipulating Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the

Receivership Entities or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

S.      Allow the Plaintiffs' representatives, agents, and assistants, as well as Stipulating Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

T.      Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

U.      Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

V.      If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity;

W.      If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of

the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

## XV. RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Receiver must file a report with the Court by November 30, 2022, or as otherwise ordered, and every three (3) months following that report, to include the following information:

A.  A summary of the Receiver's operations;

B.  An inventory of the receivership Assets and their estimated value;

C.  A schedule of all the Receiver's receipts and disbursements;

D.  A list of all known creditors with their addresses and the amounts of their claims;

E.  The steps the Receiver intends to take in the future to protect receivership Assets, recover receivership Assets from third parties, and adjust receivership liabilities;

F.    The    Receiver's    recommendation    for    a    continuation    or discontinuation of the Receivership, or for changes to the Receivership, and the reasons for the recommendations; and

G.    Any other matters which the Receiver believes should be brought to the Court's attention.

## XVI. TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that, to the extent not already completed pursuant to the TRO, Stipulating Defendants and any other person, with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.    All Assets held by or for the benefit of the Receivership Entities;

B.    All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C.   All Documents of or pertaining to the Receivership Entities, including all communications occurring via electronic mail, electronic messaging service, or encrypted messaging service (including but not limited to Signal or WhatsApp);

D.   All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities, even if such computers, electronic devices, mobile devices, and machines are also used for non-business purposes. Provided, however, that the Receiver may image those devices and then return such devices to Stipulating Defendants if, following imaging and a forensic analysis, the Receiver determines such devices are no longer used for business purposes relating to the activities alleged in the Complaint and such devices are purged of any customer information as described in Section III of this Order;

E.   All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.   All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, encrypted messaging services, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XVII. PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that, to the extent not already completed pursuant to the TRO, Stipulating Defendants shall immediately provide to the Receiver:

A.      A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B.      A list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C.      A description of any Documents covered by attorney-client privilege or attorney work product, including files where such Documents are likely to be located, authors or recipients of such Documents, and search terms likely to identify such electronic Documents.

## XVIII. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants; Receivership Entities; Stipulating Defendants' or Receivership Entities' officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property of or records relating to the Receivership Entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XIX. NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants; Receivership Entities; Stipulating Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other persons in active concert or

participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby preliminarily restrained and enjoined from directly or indirectly:

A.      Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.      Transacting any of the business of the Receivership Entities;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XX. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Stipulating Defendants and their officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, companies, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf

of Stipulating Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A.    Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 et seq., or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.    Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

C.    Filing or enforcing any lien on any Asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

Provided, however, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a

judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XXI. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XXII. RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver is not required to file with the Clerk of this Court a bond until further order of this Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XXIII. DISTRIBUTION OF ORDER BY STIPULATING DEFENDANTS

**IT IS FURTHER ORDERED** that Stipulating Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer,

marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, attorney, spouse, subsidiary, division, and representative of any Stipulating Defendant, and shall, thereafter, immediately provide the FTC and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone numbers, and email addresses of each such person or entity who received a copy of the Order.

Furthermore, Stipulating Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXIV. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by the Receiver and all personnel hired by the Receiver, by any law enforcement agency, or by private process server, upon any Stipulating Defendant or any person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Stipulating Defendant, or that may be subject to any provision of this Order

pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XXV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

## XXVI. ADMONITION

This Order gives the FTC and Receiver broad relief. While the Court believes this to be an appropriate use of the Court's equitable authority, the Court cautions the FTC and the Receiver to act appropriately in their interactions with Stipulating Defendants and third parties, and to exercise the authority given by this Order judiciously.

**DONE AND ORDERED** in Jacksonville, Florida the 27th day of September, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record